UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. JOHN RAMEY, | ) ) ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 10 C 792 |
| GUY PIERCE, Warden, Pontiac Correctional Center, | ) ) ) ) | Judge John W. Darrah |
| Respondent. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner, John Ramey, proceeding *pro se*, has filed a Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2254, raising eight issues alleging constitutional violations regarding his criminal convictions and appeals thereof.

## BACKGROUND

Ramey, Robert Jernigan and Lorenzo White were convicted of murder, home invasion, residential burglary and robbery after police discovered the bound, gagged and beaten body of 65-year-old Sylvia Wilson in her apartment in Chicago, Illinois. *People v. Ramey*, 608 N.E.2d 512, 513-514 (Ill. App. 1992). Each defendant was tried by a different jury at a joint trial. Ramey has filed several petitions and appeals since.[1]

Ramey appealed his conviction in his direct appeal to the Illinois Appellate Court and argued for reversal because ("Ramey's first appeal"): (1) Ramey's confession should

---

[1] As more fully described below, Ramey has filed the following appeals/PLAs/habeas corpus petitions/postconviction petitions: (1) Ramey's first appeal; (2) Ramey's first PLA; (3) Ramey's first *pro se* postconviction; (4) Ramey's second appeal; (5) Ramey's second PLA; (6) Ramey's petition for state *habeas corpus* relief; (7) Ramey's third appeal; (8) Ramey's third PLA; (9) Ramey's second postconviction petition; (10) Ramey's fourth appeal; and (11) Ramey's fourth PLA.

1

have been suppressed; (2) Ramey was not proven guilty beyond a reasonable doubt; and (3) Ramey's sentence was excessive. The Illinois Appellate Court affirmed Ramey's convictions and sentences. Ramey then filed Ramey's first petition for leave to appeal ("Ramey's first PLA") in the Illinois Supreme Court, presenting the same three claims. *See* PLA, *People v. Ramey*, No. 76214. The Illinois Supreme Court denied Ramey's first PLA. *People v. Ramey*, No. 76214 (Ill. 1993).

Ramey then filed his first *pro se* postconviction petition ("Ramey's first *pro se* postconviction"). In it, Ramey raised the following claims: (1) Ramey was not proven guilty beyond a reasonable doubt; (2) the trial court abused its discretion when the trial court allowed Ramey's jury to view photographs of the victim; (3) Ramey's co-defendant had motive to testify falsely against Ramey; (4) the trial court erred when it did not instruct Ramey's jury on compulsion as a defense; (5) Ramey's Sixth Amendment Rights to confront witnesses and to a fair and impartial jury were violated; (6) Ramey was tricked into making his confession; (7) the prosecuting attorney engaged in misconduct in his closing arguments by commenting on Ramey's character and undermining the presumption of innocence; (8) the trial court erred in granting a severed trial but still allowed Ramey's jury to hear evidence admissible only against other defendants; (9) the trial court erred in restricting the cross-examination of petitioner's accomplice; and (10) the trial court erred in convicting Ramey of five counts of murder where there was a single victim. The state trial court dismissed Ramey's first postconviction petition.

Ramey filed an appeal in the Illinois Appellate Court ("Ramey's second appeal") raising the same arguments made in Ramey's first postconviction petition. The Illinois

Appellate Court denied in whole Ramey's second appeal. *People v. Ramey*, No. 1-96-3098 (Ill. App. 1998).

Ramey then filed a second PLA in the Illinois Supreme Court ("Ramey's second PLA"). In it, Ramey argued: (1) the Illinois Appellate Court erred in allowing Ramey's appointed appellate counsel to withdraw; (2) Ramey's postconviction trial counsel was ineffective for failing to amend Ramey's *pro se* petition to include claims of ineffective assistance of appellate counsel on direct appeal; (3) the trial court erred in convicting and sentencing Ramey on five counts of murder when there was a single victim; (4) Ramey's trial counsel was ineffective for failing to request a fitness hearing; and (5) trial counsel was ineffective for failing to obtain medical evidence in support of Ramey's petition to suppress his confession. The Illinois Supreme Court denied Ramey's second PLA.

Ramey then filed a petition for state *habeas corpus* relief. In it, Ramey argued: (1) the trial court erred in failing to suppress Ramey's coerced confession; (2) trial counsel was ineffective for failing to request a fitness hearing and for failing to present petitioner's medical records in support of his motion to suppress, and appellate counsel and postconviction counsel were ineffective for failing to raise these issues; (3) petitioner's confrontation-clause rights were violated when a non-testifying codefendant's statement was allowed into evidence; (4) postconviction counsel was ineffective for failing to represent claims of ineffective assistance of appellate counsel; and (5) petitioner's life sentence is excessive and an abuse of discretion. The Circuit Court of Illinois denied Ramey's state *habeas corpus* petition. *Ramey v. Gilmore*, No. 86-CR-1416.

Ramey appealed this decision to the Illinois Appellate Court ("Ramey's third appeal"). That court granted Ramey's appointed appellate counsel's motion to withdraw pursuant to *Finley* and affirmed the circuit court's decision denying Ramey's state *habeas corpus* petition. Ramey then filed a PLA ("Ramey's third PLA"), presenting the following claims: (1) petitioner's sentence violates *Apprendi v. New Jersey*, 530 U.S. 466, 483 (2000) (*Apprendi*); and (2) the appellate court erred in failing to treat petitioner's state *habeas* petition as a postconviction petition. Ramey's third PLA was denied by the Illinois Supreme Court.

Ramey then filed a postconviction petition ("Ramey's second postconviction petition") in the Circuit Court of Illinois. In it, he argued: (1) petitioner was illegally prosecuted by an employee of Cook County rather than the State of Illinois; (2) the law under which petitioner was prosecuted was unconstitutional because it did not require that the elements of the offense be pleaded in the indictment or information; (3) his sentence violated his rights and was inconsistent with *Apprendi*. The circuit court appointed counsel, who filed a supplemental petition raising the additional claims: (4) Ramey's sentence for residential burglary was void; (5) petitioner's natural life sentence violated *Apprendi*; (6) Ramey's right to an impartial jury and effective assistance of counsel was violated when jurors reported to the trial judge that they had observed Jernigan reading their juror cards during voir dire and his counsel failed to do anything about it; (7) ineffective assistance of counsel because trial counsel was under investigation by the ARDC, (8) ineffective assistance of counsel because counsel failed to clarify that Ramey's knee surgery took place one month after his arrest, (9) ineffective assistance of counsel because counsel failed to call any witnesses in mitigation at

Ramey's sentencing; (10) Ramey's extended-term sentence for residential burglary based on the victim's age was unwarranted because the victim's age was not actually proven at trial; and (11) the cumulative effect of the errors at petitioner's trial and sentencing hearing warranted postconviction relief. The trial court denied Ramey's second postconviction petition.

Ramey then filed an appeal to the Illinois Appellate Court ("Ramey's fourth appeal"), and argued that defense counsel provided ineffective assistance by failing to clarify the timing of the defendant's surgery, inquire about the defendant's jurors' concern over Jernigan's view of their information cards, or call any mitigation witnesses at sentencing, and that his 30-year sentence for residential burglary is void because it is consecutive to his life sentence. *People v. Ramey*, 913 N.E. 2d 670, 676 (Ill. App. 2009). The Illinois Appellate Court modified Ramey's sentence so that the 30-year sentence ran concurrently with his life sentence but affirmed the trial court in all other respects.

Ramey then filed a PLA in the Illinois Supreme Court ("Ramey's fourth PLA"). In it he argued that the appellate court erred in holding that ineffective assistance of postconviction counsel does not constitute cause to excuse a procedural default in a successive postconviction petition. The Supreme Court denied Ramey's petition.

Ramey's instant petition for *habeas corpus* relief argues eight grounds: (1) that Ramey's right to due process and Sixth Amendment right to confront witnesses had been violated; (2) Ramey's confession should have been suppressed; (3) Ramey's Sixth Amendment right to an impartial jury was violated and Ramey's right to effective counsel was violated when he failed to do anything upon learning that Ramey's jury had expressed concern to the trial judge; (4) Ramey suffered ineffective assistance of trial

5

counsel; (5) Ramey suffered ineffective assistance of appellate counsel; (6) Ramey suffered ineffective postconviction counsel; (7) Ramey's sentence is unconstitutional; and (8) the cumulative effect of all these errors is unconstitutional.

## ANALYSIS

### *Procedural Default*

Pierce argues that Ramey's claims 1, 3, 4, 5, and 8 are procedurally defaulted and should be denied because Ramey failed to fully present these claims throughout one complete round of state-court review.

A petitioner must satisfy several procedural requirements before a obtaining *habeas* review in federal court. *Smith v. McKee*, 598 F.3d 374, 382 (7th Cir. 2010). Here, Petitioner must have presented each of his claims in his *habeas* petition to the Illinois Appellate Court and to the Illinois Supreme Court in a petition for discretionary review. *Id.* "A petitioner's failure to fairly present each habeas claim to the state's appellate and supreme court in a timely manner leads to a default of the claim, thus barring the federal court from reviewing the claim's merits." *Id.*

"A procedural default will bar federal habeas relief unless the petitioner can demonstrate both cause for and prejudice stemming from that default, or he can establish that the denial of relief will result in a miscarriage of justice." *Lewis v. Sternes*, 390 F.3d 1019, 1026 (2004) (internal citations omitted). "Cause for a default is ordinarily established by showing that some type of external impediment prevented the petitioner from presenting his federal claim to the state courts." *Id.* "Prejudice is established by showing that the violation of the petitioner's federal rights worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional

dimensions." *Id.* "In order to show, alternatively, that a miscarriage of justice would result if habeas relief is foreclosed, the petitioner must show that he is actually innocent of the offense for which he was convicted, i.e., that no reasonable juror would have found him guilty of the crime but for the error(s) he attributes to the state court." *Id.*

### Ramey's Claim 1: Confrontation Clause and Inadmissible Evidence

Ramey argues that he was denied due process and that his Sixth Amendment right to confront witnesses was violated because: (1) a codefendant's out-of-court statements were allowed into evidence against him, and (2) evidence ruled admissible against Ramey's codefendants but not ruled admissible as against Ramey was in plain sight of Ramey's jury on the State's table.

Pierce argues that Ramey's Claim 1 is procedurally defaulted. Ramey did not present his Claim 1 in Ramey's first appeal, in Ramey's first PLA, in Ramey's second PLA, in Ramey's second postconviction petition, in Ramey's third PLA, in Ramey's fourth appeal, and in Ramey's fourth PLA. However, Ramey did raise it in Ramey's first *pro se* postconviction petition, Ramey's second appeal, Ramey's petition for state *habeas corpus*, Ramey's third appeal, Ramey's first postconviction petition and Ramey's second appeal. Accordingly, because Ramey has failed to present his claim in a PLA to the Illinois Supreme Court, it is procedurally defaulted. Further, Ramey has not argued cause and prejudice from his procedural default, nor has he argued a fundamental miscarriage of justice. Accordingly, Ramey's writ of *habeas corpus* on his Claim 1 is denied.

### Ramey's Claim 3: Right to an Impartial Jury

Ramey argues that his Sixth Amendment right to an impartial jury and right to trial counsel were violated because his trial counsel failed to move for a new trial after

7

Ramey's counsel was told by the trial judge that Ramey's jurors expressed concern to the trial judge because some jurors had viewed Jernigan reading the Jury Information cards, which contained the jurors' addresses.

Pierce argues that Ramey's Claim 3 is procedurally defaulted.[2] Ramey failed to raise Claim 3 in Ramey's first appeal, in Ramey's first PLA, in Ramey's first *pro se* postconviction petition, in Ramey's second appeal, in Ramey's second PLA, in Ramey's state *habeas corpus* petition, in Ramey's third appeal, and in Ramey's third PLA. But Ramey did raise Claim 3 in Ramey's second postconviction petition, Ramey's fourth appeal and Ramey's fourth PLA.

Ramey's Claim 3 is not procedurally defaulted because Ramey has presented this claim to the Illinois Appellate Court and to the Illinois Supreme Court in a petition for discretionary review in Ramey's fourth appeal and Ramey's fourth PLA.

However, Ramey's Claim 3 is barred by an independent and adequate state ground by virtue of a ruling by the Illinois Appellate Court. Ramey's Claim 3 was dismissed in Ramey's fourth appeal because Ramey failed to show "cause-and-prejudice" as to why Ramey failed to raise Claim 3 in Ramey's 1994 petition.[3] The Illinois Appellate Court stated, "Because the assistance of the defendant's appointed counsel in this 1994 postconviction proceeding cannot satisfy 'cause' in the cause-and-prejudice test to allow the defendant to proceed on the successive postconviction petition before us, *res*

---

[2] Pierce also argues that Ramey's Claim 3 should be denied on the independent and adequate state grounds theory because the state appellate court rejected it on the grounds that it was forfeited because it could have been, but was not, presented earlier.

[3] The Appellate Court said: "The Act [Post-Conviction Hearing Act 725 ILCS 5/122-1 *et seq.*] contemplates the filing of only one postconviction petition. (internal citation omitted). Normally, where a successive postconviction petition is filed, unless a claim of actual innocence is made in a nondeath case, a defendant must make a 'cause-and-prejudice' showing to avoid forfeiture." (internal citation omitted).

*judicata* bars consideration of his claims . . . ." *People v. Ramey*, 913 N.E.2d 670, 679 (Ill. App. 2009).

The Supreme Court has held:

> It is well established that federal courts will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that is independent of the federal question and adequate to support the judgment. In the context of federal habeas proceedings, the independent and adequate state ground doctrine is designed to ensure that the States' interest in correcting their own mistakes is respected in all federal habeas cases. When a petitioner fails to properly raise his federal claims in state court, he deprives the State of an opportunity to address those claims in the first instance and frustrates the State's ability to honor his constitutional rights. Therefore, consistent with the longstanding requirement that habeas petitioners must exhaust available state remedies before seeking relief in federal court, we have held that when a petitioner fails to raise his federal claims in compliance with the relevant state procedural rules, the state court's refusal to adjudicate the claim ordinarily qualifies as an independent and adequate state ground for denying federal review.

*Cone v. Bell*, 129 S. Ct. 1769, 1780 (2009) (internal citations omitted).

Accordingly, Ramey's Claim 3 is denied.

### Ramey's Claim 4: Ineffective Assistance of Trial Counsel

Ramey's Claim 4 argues that he was denied effective assistance of trial counsel because his trial counsel: (1) failed to object to statements made by his codefendant at Ramey's sentencing hearing; (2) failed to obtain medical records to bolster his argument for Ramey's motion to suppress his above-mentioned statement; (3) failed to identify the timing of Ramey's knee surgery; (4) failed to object to the severed but jointly held jury trials with his two co-defendants; (5) failed to object to inconsistent verdicts; (6) failed to request a fitness hearing; (7) failed to prepare for sentencing with mitigating evidence and testimony; and (8) was under investigation by the ARDC during Ramey's trial and was later disbarred for being ineffective in his first felony case.

Pierce argues that Ramey's Claim 4 is procedurally defaulted. Ramey failed to raise Claim 4 in Ramey's first appeal, in Ramey's first PLA, in Ramey's first postconviction petition, and in Ramey's second appeal. However, Ramey did raise aspects of Claim 4 in his second PLA, in Ramey's petition for state *habeas corpus* relief, in Ramey's third appeal, in Ramey's second postconviction petition, in Ramey's fourth appeal and in Ramey's fourth PLA.[4] Accordingly, because Ramey has presented Claim 4 to the Illinois Appellate Court and in a PLA to the Illinois Supreme Court, Ramey's Claim 4 is not procedurally defaulted.

However, Ramey's Claim 4 is dismissed on the same independent and adequate state ground theory discussed in Claim 3. Ramey argued in his fourth appeal that he received ineffective assistance of trial counsel because his counsel failed to take action after learning that Ramey's jurors expressed concern to the trial judge. As discussed above, the Illinois Appellate Court denied Ramey's claim because it could have been raised in earlier claims. *Ramey*, 913 N.E. 2d 679. Accordingly, Ramey's Claim 4 is dismissed.

### Ramey's Claim 5: Ineffective Assistance of Appellate Counsel

Ramey's Claim 5 argues that he received ineffective assistance of appellate counsel because appellate counsel: (1) failed to raise ineffective assistance of trial counsel; (2) should have contacted trial counsel and raised all issues that could be raised; (3) failed to raise the confrontation clause regarding codefendant's statements; (4) failed

---

[4] In Ramey's third PLA, he argued that ineffective assistance of postconviction counsel constitutes cause to excuse his procedural default for the issues raised in Ramey's fourth appeal. Ramey is proceeding *pro se* and, therefore, is entitled to a liberal construction of his claims.

to get medical records; (5) failed to object to codefendant's statements at Ramey's sentencing; and (6) failed to raise inconsistent verdicts.

Pierce argues that Ramey's Claim 5 is procedurally defaulted. Ramey failed to raise Claim 5 in Ramey's first appeal, Ramey's first PLA, Ramey's first postconviction petition, Ramey's second appeal, Ramey's second PLA, Ramey's third appeal, Ramey's third PLA, Ramey's second postconviction petition, Ramey's fourth appeal, and Ramey's fourth PLA. Ramey's petition for *habeas corpus* relief raised a similar argument to Ramey's Claim 5.

Ramey has procedurally defaulted on Ramey's Claim 5. Ramey has not argued cause and prejudice, nor has he argued a fundamental miscarriage of justice to excuse his default. Accordingly, Ramey's Claim 5 is dismissed.

### Ramey's Claim 8: Cumulative Errors

Ramey's Claim 8 argues that the cumulative effect of all the errors he complains of denies him a fair trial and sentencing hearing. Pierce argues that Ramey's Claim 8 is procedurally defaulted. Ramey has failed to raise Claim 8 in Ramey's first appeal, Ramey's first PLA, Ramey's first *pro se* postconviction, Ramey's second appeal, Ramey's second PLA, Ramey's state *habeas corpus* relief, Ramey's third appeal, Ramey's third PLA, Ramey's fourth appeal, and Ramey's fourth PLA. However, Ramey did raise it in Ramey's second postconviction petition.

Accordingly, because Ramey has failed to raise Claim 8 to both the Illinois Appellate Court and the Illinois Supreme Court pursuant to a PLA, Ramey has procedurally defaulted Claim 8. Further, Ramey has not argued cause and prejudice to excuse his default, nor has he argued a fundamental miscarriage of justice.

*Noncognizable Claims*

## Claim 6: Ineffective Assistance of Postconviction Counsel

Ramey's Count 6 argues that Ramey received ineffective assistance of postconviction counsel. Ramey argues: (1) that it was unreasonable for his postconviction counsel not to get medical records concerning Ramey's knee; (2) Ramey's postconviction counsel failed to raise ineffective assistance of trial and appellate counsel; and (3) Ramey's postconviction counsel should have raised the defense of inconsistent verdicts.

Ramey's Claim 6 is noncognizable. "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i). Accordingly, Claim 6 is dismissed.

*Adjudicated Claims*

Pierce argues that Ramey's Claims 2 and 7 have already been adjudicated on the merits by Illinois state courts. Pierce argues that these claims should be dismissed pursuant to 28 U.S.C. § 2254(d).

28 U.S.C. § 2254(d) states:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

In *habeas* proceedings, the burden of proof falls on a petitioner to show that he is entitled to relief under any of these theories. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002) (*per curium*) (*Woodford*). Further, this Court must apply the presumption that the state courts know and follow the rules of federal constitutional law. *Woodford*, 537 U.S. at 24. State-court findings of fact, whether developed in state trial or appellate courts, are presumed to be correct. *Sumner v. Mata*, 449 U.S. 539, 546-547 (1981). The presumption of correctness attaches to factual determinations reasonably based on the record. *See Kurzawa v. Jordan*, 146 F.3d 435, 440 (7th Cir. 1998). A petitioner contesting findings of fact bears the burden of rebutting this presumption of correctness with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Todd v. Schomig*, 283 F.3d 842, 846 (7th Cir. 2002).

## Claim 2: Ramey's Confession

Ramey argues that his confession that was read to the jury should be suppressed, and the court's failure to suppress it is a violation of his right to due process. The Illinois Appellate Court of Illinois has made factual and legal findings as to Ramey's Claim 2. The Illinois Appellate Court of Illinois in its discussion of Ramey's Claim 2 stated the following:

> Ramey first contends that the trial court erred when it did not suppress his confession. . . . Other than Ramey's self-servicing testimony, there is nothing in the record here to support his contention that he was denied food, water, washroom privileges or requested an attorney prior to making inculpatory statements. Furthermore, Ramey's assertion that he needed immediate medical attention because "both of my bones was sticking out of both of my knees" due to his 35-foot jump from his second-floor apartment attempting to evade investigating officers is not supported by the medical testimony. Finally, there is nothing about the age, education, background or intelligence of this particular defendant or the duration and

13

>extent of the interrogation here to indicate that Ramey did not understand
>his *Miranda* warnings or that his inculpatory statements to police were not
>given freely, voluntarily and without compulsion.

*Ramey*, 608 N.E. 2d 512, 514 (1992).

In this case, Ramey has failed to prove, by clear and convincing evidence, the factual determinations made by the Illinois Appellate Court were in error. Nor was the Illinois Appellate Court's decision contrary to or an unreasonable application of federal law. In deciding whether Ramey's confession should be suppressed, the court articulated the correct legal standard:

>Inculpatory and other statements given to police will be suppressed if they
>are not given freely, voluntarily and without compulsion. When deciding
>whether incuplatory statements were given voluntarily, a reviewing court
>must evaluate a defendant's age, experience, education, background and
>intelligence, as well as the totality of the circumstance involving the
>interrogation. (internal citation omitted).

*Id.*

Accordingly, Claim 2 is denied.

## Claim 7: Ramey's Sentence

Ramey's Claim 7 argues that Ramey's sentence is unconstitutional because the aggravating factors that lengthened Ramey's sentence were never proven beyond a reasonable doubt.[5] *Apprendi* held that "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 483. Ramey's conviction became final ninety days after December 1, 1993. *Apprendi* was decided in 2000. The Seventh Circuit has held: "To date, five courts of appeals have

---

[5] The aggravating factor was the victim's age. Ramey also argues that a sentence of life imprisonment "relegates petitioner to a status of 'Civil Death'" and is unconstitutional.

14

held that *Apprendi* is not retroactive on collateral review. No court of appeals has held otherwise. We agree with these holdings and preserve the appellate unanimity." *Curtis v. United States*, 294 F.3d 841, 842 (7th Cir. 2002) (internal citations omitted). Accordingly, Claim 7 is dismissed.

*Certificate of Appealability*

Pierce asks that a certificate of appealibilty not be issued in this case. "A certificate of appealabilty may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Ramey has failed to make a substantial showing of the denial of a constitutional right in the instant petition. Accordingly, a certificate of appealability shall not issue.

## CONCLUSION

For the above-mentioned reasons, Ramey's petition is denied.

Date: 9-2-10

JOHN W. DARRAH
United States District Court Judge